W. Scott Krol (WK-1014)
*wskrol@bussonsikorski.com*
Robert S. Sikorski (RS-6568)
*rsikorski@bussonsikorski.com*
BUSSON & SIKORSKI
381 Park Avenue South, Suite 615
New York, New York 10016
Tel: 212 532 7191
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
Kasper Global Collection & Brokers, Inc. as
nominee for Atlas Meble Kuchenne Sp.z o.o.,

       Plaintiff,     **Docket No: 10 CIV 5717 (WP)**
             **ECF CASE**

  - against -

Global Cabinets & Furniture Manufacturers Inc.,
Denton Stoneworks Inc., Boguslaw Kaczor and  **COMPLAINT**
Artur Bobko individually and d/b/a Atlas Kitchens
Inc., Affordable Kitchens by Atlas, World of
Interiors, LLC and DKF Designs LLC

       Defendants.
-------------------------------------------------------------------x

  Plaintiff, by and through its attorneys, Busson & Sikorski, as and for its complaint, respectfully alleges the following upon information and belief:

### NATURE OF THIS ACTION

1. This action is brought to recover payment for goods manufactured and delivered to Defendants.

2. Atlas Meble Kuchenne Sp.z o.o., has manufactured goods pursuant to order from Defendants; Defendants accepted the shipment and have failed to make payments despite several demands by the Plaintiff.

## JURISDICTION

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as parties to this action are citizens of different states and the matter in controversy exceeds $75,000.00.

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of Defendants principle place of business is in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Atlas Meble Kuchenne Sp.z o.o. ("Atlas") is a foreign corporation organized and existing under the laws of the Republic of Poland.

6. Kasper Global Collection & Brokers, Inc. ("Kasper") is a corporation organized and existing under the laws of the State of Illinois.

**Defendants**

7. Global Cabinets & Furniture Manufacturers Inc., ("Global") is a corporation organized and existing under the laws of the State of New York, with its principle place of business at 94 Denton Avenue, New Hyde Park, New York, 11040.

8. Denton Stoneworks Inc., ("Denton") is a corporation organized and existing under the laws of the State of New York, with its principle place of business at 94 Denton Avenue, New Hyde Park, New York, 11040.

9. Boguslaw Kaczor ("Kaczor") is a Polish-American who lives and resides in New York and is chairman or Chief Executive Officer of Denton and Global.

10. Artur Bobko ("Bobko") is a Polish-American who lives and resides in New Jersey and is chairman or Chief Executive Officer of Denton and Global.

11. Kaczor and Bobko D/B/A Affordable Kitchens by Atlas, is an entity of unknown jurisdiction. Its shipping address was located in New Jersey.

12. Kaczor and Bobko D/B/A Atlas Kitchens Inc., is an entity of unknown jurisdiction. Its shipping address was located in New York.

13. Kaczor and Bobko D/B/A World of Interiors, LLC is an entity of unknown jurisdiction. Its shipping address was located in Florida.

14. Kaczor and Bobko D/B/A DKF Designs LLC is an entity of unknown jurisdiction. Its shipping address was located in Florida.

## BACKGROUND INFORMATION

15. On or about 2006, Bobko, Kaczor and two other individuals, Janusz Matusiewicz ("Matusiewicz") and Gabriele Capacchione ("Capacchione")[1] flew to Poland to pursue mutual business venture with Atlas

16. On or about October 30, 2006, Global and Atlas entered into a contract ("Venture Contract") wherein they agreed to a mutual venture whereby Atlas would supply furniture based on orders received from Global and Global would sell, market and install the furniture in the United States.

17. The Venture Contract was signed by Bobko, Kaczor, Matusiewicz and Capacchione as individuals and by Tadeusz Nowicki as President of Atlas and Hubert Nowicki as vice president of Atlas.

18. Pursuant to the terms the Venture Contract, each order would be transmitted by fax or electronic mail and would constitute a separate contract ("Order Contract").

19. Pursuant to the terms of the Venture Contract, each Order Contract would contain

    a. an order number,

    b. a specification of the goods ordered along with the quantity,

    c. a graphic representation of the goods,

---

[1] Janusz Matusiewicz and Gabriele Capacchione are not named Defendants in this action because other than signing the Venture Contract, they had no dealings with Atlas or the Plaintff.

4

    d. a drawing of the order as well as other elements to facilitate the manufacture of the goods and

    e. a place of delivery

20. The price was determined based on the Venture Contract; however, certain prices were set on a case by case basis depending on the specification in the Order Contract.

21. Persuant to the terms of the Venture Contract, each Order Contract would be sent via electronic mail

22. Each Order Contract was in fact sent via electronic mail from Bobko and or Kaczor; with the parties confirming certain aspects of the order via telephone.

23. Each Order Contract from Bobko or Kaczor would also specify which entity would be the purchaser.

24. Denton Stoneworks Inc., Atlas Kitchens Inc., Affordable Kitchens by Atlas, World of Interiors, LLC and DKF Designs LLC were not privy to the Venture Contract. Those entities received their shipments on the basis of each Order Contract.

25. In 2007, Bobko and Kaczor refused to make the requisite payments for Goods ordered and delivered.

26. Atlas repeatedly sent invoices and made demands of Bobko and Kaczor.

27. The total outstanding debt evidenced by the invoices is $386,034.01 plus interest and penalties and it consists of the following:

    a. $260,192.59 for purchases made by Global.

    b. $23,525.58 for purchases made by Denton.

    c. $7,436.00 for purchases made by DKF Design L.L.C

    d. $40,718.34 for purchases made by World of Interiors, LLC

    e. $24, 634.76 for purchases made by Atlas Kitchens Inc. and

    f. $29,526.74 for purchases made by Affordable Kitchens by Atlas

28. On or about January 15, 2010, Atlas executed a Power of Attorney naming Kasper it's Attorney-in-Fact in order to facilitate a resolution to this dispute.

29. Kasper made several demands both verbal and written for prompt payment but the Defendants refused to honor their debt and refused to pay the invoices.

## FIRST CAUSE OF ACTION - ACCOUNT STATED

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff produced, sold and delivered furniture to Defendants.

32. Defendants refused payment.

33. Defendants had ample opportunity to examine the invoices send by Plaintiffs and Defendants did not raise any objections to the billing contained in the invoices. Said invoices are attached hereto as Exhibits 1-6.

6

34. The parties had an agreement; both express and implied that the Defendants will pay the invoices.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT CAUSING DAMAGE

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein

36. Atlas and Global entered into the Venture Contract with each other.

37. Subsequently, Atlas entered into several Order Contracts with Kaczor, Bobko, Global, Denton and other entities controlled by Bobko and or Kaczor.

38. Atlas delivered all the goods to the Defendants pursuant to the Order Contracts.

39. Defendants failed to make payment as required by the Venture Contract, the Order Contracts and New York Uniform Commercial Code.

40. Atlas has suffered damages from this breach by the Defendants including but not limited to loss of income.

## THIRD CAUSE OF ACTION - GOODS SOLD AND DELIVERED

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Atlas delivered the goods to the Defendants or their nominees in accordance with each Order Contract.

43. Defendants contracted for the goods by email communication with Atlas.

44. The goods contracted had been delivered to the Defendants or their nominees, to the addresses indicated by Defendants on each Order Contract.

45. Atlas has not received payment due from the Defendants for the goods sold and delivered.

## FOURTH CAUSE OF ACTION - SALE OF GOODS BREACHED BY BUYER

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if fully set forth herein

47. Defendants failed to make payments due on or before delivery of the goods as required by New York Uniform Commercial Code § 2-707.

## FIFTH CAUSE OF ACTION - UNJUST ENRICHMENT

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Defendants have failed to pay the amount due on the delivered goods pursuant to each Order Contract.

50. Defendants have enjoyed the benefit of the delivered goods.

51. Plaintiff has repeatedly submitted invoices to Defendants.

52. Defendants failed to submit the payment as required by each Order Contract.

53. Defendants have been unjustly enriched by keeping the received goods without making a payment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants in the sum of $386,034.01 with interest and penalties, together with costs and disbursements of this action and such other relief as the court may deem just and proper.

1. First Cause of Action for Account Stated, joint and several liability against all Defendants
    a. Judgment in the sum of $386,034.01 with interest and penalties.
    b. Costs and disbursements including but not limited to attorney fees.
2. Second Cause of Action for Breach of Contract Causing Damage, joint and several liability against all Defendants
    a. Judgment in the sum of $386,034.01 with interest and penalties.
    b. Costs and disbursements including but not limited to attorney fees.
3. Third Cause of Action for Goods Sold and Delivered, joint and several liability against all Defendants
    a. Judgment in the sum of $386,034.01 with interest and penalties.
    b. Costs and disbursements including but not limited to attorney fees.
4. Fourth Cause of Action for Sale of Goods Breached by Buyer, joint and several liability against all Defendants
    a. Judgment in the sum of $386,034.01 with interest and penalties.
    b. Costs and disbursements including but not limited to attorney fees.
5. Fifth Cause of Action for Unjust Enrichment, joint and several liability against all Defendants
    a. Judgment in the sum of $386,034.01 with interest and penalties.

   b. Costs and disbursements including but not limited to attorney fees.

6. Such other relief as the Court may deem just and proper.

## DEMAND FOR TRAIL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York

July 27, 2010

Respectfully submitted,

BUSSON & SIKORSKI
Attorneys for the Plaintiff

by: _____
W. Scott Krol (WK-1014)
Robert S. Sikorski (RS-6568)
381 Park Avenue South, Suite 615
New York, New York 10016
Tel: 212-532-7191
Fax: 212-532-7184

Schedule of Exhibits

1. Invoices for $260,192.59 for purchases made by Global.

2. Invoices for $23,525.58 for purchases made by Denton.

3. Invoices for $7,436.00 for purchases made by DKF Design L.L.C

4. Invoices for $40,718.34 for purchases made by World of Interiors, LLC

5. Invoices for $24, 634.76 for purchases made by Atlas Kitchens Inc.

6. Invoices for $29,526.74 for purchases made by Affordable Kitchens by Atlas