SMITH & NESOFF, PLLC
*Attorneys for Affordable Kitchens by Atlas,*
*Atlas Kitchens and Artur Bobko*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 301-6980
By: David L. Smith (DS8248)

SEGAL GEBSKI PLLC
*Attorneys for Global Cabinets, Denton*
*Stoneworks and Boguslaw Kaczor*
110 Wall Street, 21st Floor
New York, NY 10005
(212) 244-2805
By: Marius Gebski (MG4915)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    10-CV-5715(DCF)
KASPER GLOBAL COLLECTION & BROKERS, INC.
as nominee for ATLAS MEBLE KUCHENNE Sp.z.o.o.,

         Plaintiff,

  -against-

GLOBAL CABINETS & FURNITURE MANUFACTURERS
INC., DENTON STONEWORKS, INC., BOGUSLAW KACZOR
and ARTUR BOBKO individually and d/b/a ATLAS
KITCHENS INC., AFFORDABLE KITCHENS BY ATLAS,
WORLD OF INTERIORS, LLC and DKF DESIGNS LLC,

         Defendants.
------------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO**

**DISMISS OR FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ……………………………………………………………. 1

ARGUMENT …………………………………………………………………………....... 1

I.  The Material Facts Of This Case Are Clearly In Dispute …………………………........... 2

II. Plaintiff's Claims Are Subject To an Enforceable Forum Selection Clause …………...... 7

III. Plaintiff Has No Cognizable Claim Against Individuals, Boguslaw Kaczor And Artur Bobko………………………………………………………………………………… 12

IV. Plaintiff Has No Cognizable Claim Against Defendant Denton Stoneworks Inc. …....... 13

CONCLUSION………………………………………………………………………….. 15

# TABLE OF AUTHORITIES

**Pages**

## FEDERAL CASES

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ………………………………………………………….. 7

*Aguas Lenders Recovery Group LLC v. Suez, S.A.*,
    585 F.3d 696 (2d Cir. 2009) …………………………………………....... 7, 10, 12

*Bense v. Interstate Battery Sys. of Am., Inc.*,
    683 F.2d 718, 720-21 (2d Cir. 1982) ………………………………………….. 10

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95, 103 (2d Cir. 2006) ………………………………………………. 8

*Phillips v. Audio Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007) …………………………………………... 8, 9, 10, 12

*Roby v. Corp. of Lloyd's*,
    996 F.2d 1353, 1361 (2d Cir. 1993) ……………………….............................. 10

## NEW YORK STATE CASES

*Matter of Morris v. New York State Dept. of Taxation & Fin.,*
    82 N.Y.2d 135, 141 (1993)……………………………………………………... 12

*Albstein v. Elany Contr. Corp.,*
    30 A.D.3d 210 (1st Dept. 2006), lv. denied, 7 N.Y.3d 712 (2006) …………………….. 12

*Berenger v. 261 West LLC,*
    93 A.D.2d 175 (1st Dept. 2012) ……………………………………………... 12

**PRELIMINARY STATEMENT**

In October 2006, a Venture Agreement (hereinafter "the Agreement") was entered into between Plaintiff Atlas Meble Kuchenne Sp.z.o.o. (hereinafter "Atlas Meble"), a Polish corporation which is not authorized to do business in the United States and which has never had a registered office in the United States, and Defendant Global Cabinets & Furniture Manufacturers Inc. (hereinafter "Global"), a New York corporation which had been filed but not yet organized, as shares had not yet been issued and officers had not yet been named. The four individuals who would become the shareholders of Global signed the Venture Agreement on behalf of Global. Tadeusz Nowicki, President and Hubert Nowicki, Vice President, signed for Plaintiff. The Venture Agreement provided that Plaintiff would supply furniture based on orders received from Global and Global would sell, market and install the furniture in the United States. The Venture Agreement also contains a forum selection clause, which, according to Plaintiff's translation (prepared by Plaintiff's counsel), reads as follows: "All disputes arising out of this agreement, the sides agree to be decided in a court competent to the seller." However, as per Defendants' translation (prepared by a disinterested third party), the forum selection clause states that "[t]he parties agree to submit for settlement any disputes arising from this agreement to the court with jurisdiction over seller's registered office." Plaintiff Atlas Meble, the "seller" in the Venture Agreement, is a Polish company with offices only in Poland, doing business only in Poland. Clearly, jurisdiction and venue pursuant to the terms of the Venture Agreement lie not in New York but in Poland. Moreover, pursuant to the terms of the Venture Agreement, the claims alleged herein should be resolved under the laws of Poland. Thus, the subject action must be dismissed. Further, as will be shown herein and in supporting documents, the additional claims of Plaintiff not only should not be heard in the Court, but are also without merit and

certainly do not approach the standard necessary for summary judgment while positions of the Defendants will be shown to have met such standard.

## ARGUMENT

Defendants assert that Plaintiff has no claims against the individuals, Boguslaw Kaczor and Artur Bobko, upon which relief can be granted by this court, because Plaintiff cannot satisfy the requirements necessary to pierce the corporate veil of the corporations, of which they are shareholders, and thus, the Court should dismiss the claims against Boguslaw Kaczor and Artur Bobko. Plaintiff has no claim against Defendant Denton Stoneworks Inc. (hereinafter "Denton") because the said defendant paid in full for the goods purchased from Plaintiff, and thus, the Court should dismiss the claim against it. Plaintiff's claims are subject to an enforceable mandatory forum selection clause that requires the claims contained in Plaintiff's complaint to be litigated in the courts of Poland, and thus, the Court should dismiss the complaint in its entirety.

**I.     The Material Facts of This Case Are Clearly In Dispute.**

Shockingly, there is at least one matter upon which all parties to this litigation agree – the standard which this Court should utilize in determining a motion for summary judgment. Even more shocking is Plaintiff's claim that there is no genuine dispute as to material facts. Nothing could be further from the truth. A mere cursory look at Defendants' Rule 26 filings clearly illustrates that substantial disputes exist as to whether moneys are owed in connection with the parties' business relationships. There are volumes of correspondence setting forth the positions of the parties in great detail. Please see certified translations of Defendants' electronic correspondence with Atlas Meble attached hereto as **"Exhibit A"**. There is no way possible that Plaintiff can claim that there was no dispute as to accounts supposedly stated. Each and every statement presented was disputed. There is no agreement whatsoever as to whether certain

Defendants owe anything at all, or if the amounts presented comport with reality. Of equal importance is the fact that the information presented by Plaintiff is not verifiable, as was admitted by the individual who was presented by Plaintiff as its representative. None of these account statements are admissible. In addition to the fact that they are incorrect, the Plaintiff will not be able to substantiate them at trial. Plaintiff's own witness was simply unable to provide anything close to the information necessary to have any statement admitted into evidence in a court in the United States (ignoring for the moment that this case does not properly lie in the United States). We agree upon the standard of consideration. It is in the application of the standard that Plaintiff fails and Defendants succeed.

The Defendants assert that the Plaintiff's version of material facts presented in its motion for summary judgment is misrepresented in a self-serving manner. The Plaintiff's erroneously contends that the material facts based on the Defendants' depositions are not in dispute. However, Defendants' deposition testimony and documents produced during the course of discovery undoubtedly identify several heated disputes as to the key facts in this action.

The Defendants, Artur Bobko and Boguslaw Kaczor, testified that they were requested to sign the Venture Agreement on behalf of Defendant Global Cabinets. (Kaczor Dep. pp. 16-17; Bobko Dep. p. 41). They did not sign the Agreement in an individual capacity. The said Defendants acted on behalf of Defendant Global Cabinets at the request of Plaintiff and its counsel while they were in Poland. It was the clear intention of all parties to this Agreement that all dealings would be between Plaintiff and Global. None of the individuals who signed for Global controlled such corporation in any manner. At the time of the execution of the Venture Agreement, the initial principals of Defendant Global Cabinets had not yet finalized the structure or corporate management, as, prior to going to Poland in October 2006, they did not know if an

agreement would be reached. (Bobko Dep. p. 41-42). The individuals did not guaranty anything in the Venture Agreement. They simply signed it on behalf of the corporation.

The Defendants also immediately informed both Mr. Nowicki and Mr. Glodz at Atlas Meble that the submitted invoices were incorrect, as they related to orders that were either delivered with nonconforming goods or which were delivered months late, and thus could not be used by the customers of the Defendants who had originally placed the orders. (Kaczor Dep. pp. 32-33). Plaintiff had been duly and repeatedly notified of the situation prior to receipt of such invoices. Please see certified translations of Defendants' electronic correspondence with Atlas Meble attached hereto as **"Exhibit A"**. There is no possible way that they can claim that they provided the Defendants with accounts stated and that protests were not made within a reasonable period of time about the amounts claimed as outstanding.

Moreover, the invoices which the Plaintiff presents as evidencing accounts stated could not be verified by Mr. Glodz during his deposition. He simply lacked any personal knowledge about the contents of these invoices and about their preparation by Atlas Meble's billing/accounting department. Mr. Glodz lacked knowledge to explain which invoices corresponded to which ordered goods and could not provide records of any of the orders for which the invoices were presented to the Defendants. (Glodz Dep. pp. 67-75).

An examination of the paperwork and correspondence relating to the short life of Atlas Kitchens Inc. also shows a complete and total failure by Atlas Meble to perform its part in connection with the operation of this Defendant's business. No training was provided, adequate samples were not delivered, and no order was timely delivered. (Bobko Dep. pp. 9, 12-13, 30-31, 44).

Furthermore, under Plaintiff's translation of the Agreement, §3.2 provides that primary responsibilities of Atlas Meble included "[t]he realization in an acceptable way the time frames of the orders of the purchaser." (PL000349). Similarly, according to Defendants' translation of the same, §3.2 listed "implementation of buyer's orders in a proper and timely manner" as one of Atlas Meble's responsibilities under the Agreement. Please see Defendants' certified translation of the Venture Agreement attached hereto as **"Exhibit B"**. Also, according to Plaintiff, §8.4 obligated Atlas Meble "without delay, in the time frame that allows the purchaser to fulfill its obligations with respect to its clients" to replace or fix any defective elements of the shipped product "to the extent that its value or fitness is lowered." (PL000351). Likewise, according to Defendants, §8.4 states that "[i]f a defect impairing worthiness or product worthiness or fitness is found, the seller shall immediately, in time enabling the buyer to comply with commitments towards his customers, replace the defective element with an element which is free of any defect or damage or shall remove the defects immediately." (Exhibit B, at 4). These provisions, requiring Atlas Meble to realize orders in time frames acceptable to Global, were not carried out by Atlas Meble. This fact is evidenced by numerous emails from the Defendants about the tardiness of shipments, inability of Atlas Meble to provide the Defendants with perfect tender of the ordered goods and consequently unacceptable delays in providing replacements for the defective goods. These obligations of Atlas Meble came first in time with respect to any of the Defendants' responsibilities under the Agreement. As such, Atlas Meble breached the terms of the Agreement by failing to comply with its essential term that under the circumstances is comparable to a "time of the essence" provision, because it obligated Atlas Meble to realize Global's timeframes for the orders it placed.

Moreover, other circumstances suggest that the parties intended time to be of the essence in execution of duties stated in the Agreement. There were email communications between the parties confirming the existence of a firm schedule for the shipment of ordered goods for the 520-set project. (DF000008, DF000010, DF000021-22). Therefore, the Agreement could be reasonably interpreted to be subject to either express or implied "time of the essence" provision, which was breached by Atlas Meble.

Orders that were to be done and shipped in 4 to 5 weeks took 24 weeks or more, despite assured schedules of deliveries, as evidenced by the email communication between Defendant Kaczor and Mr. Glodz. (DF000008). Atlas Meble was advised on an ongoing basis of the problems that existed, the effect that its constant delays had on all orders made, and the financial costs that were being incurred in connection with the ongoing operations of the Defendants. (Bobko28, 46, 78, 98; DF000025, DF000026). Additionally, the Defendants produced and testified about numerous instances of memorialized complaints and notifications to Atlas Meble about the non-conforming nature of the delivered goods, defects and deviations from ordered specifications, physical damages, and insufficient quantities of shipped items. (Bobko24, 31, 33, 34, 35, 53, 63, 64, 66, 80, 82-83; DF000015, DF000028, DF000030, DF000036-37)

Lastly, the Defendants' deposition testimony and produced records of email communications between the parties indicate that certain credits and discounts were to be issued to the Defendants in connection with orders that did not conform with what was ordered or which were shipped on an extremely delayed basis. (DF000044, DF000014; Glodz Dep. pp. 124-125).

Therefore, there is an abundance of heavily disputed material facts in this case, and the entry of summary judgment or partial summary judgment would be premature and unwarranted at this juncture of the litigation herein.

## II. Plaintiff's Claims Are Subject To An Enforceable Forum Selection Clause.

The Plaintiff may think that as the initiator of this action it is the master of where the litigation will be tried and under what law. However, since Plaintiff is a nominee of a party to a contract that includes forum selection and choice of law clauses, it should be bound by these express terms of the underlying agreement in this action, and should submit the claims alleged herein to the courts of Poland.

In international commercial disputes, in order to dismiss a claim based on a forum selection clause, a four-part analysis outlined by the United States Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) must be satisfied. *M/S Bremen* recognized "the important role of forum selection and choice of law clauses in eliminating uncertainty in international commerce and held that such clauses are entitled to a presumption of enforceability, unless enforcement would be unreasonable and unjust, or … the clause was invalid for such reasons as fraud or overreaching." *Aguas Lenders Recovery Group LLC v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009).

First, that the clause was reasonably communicated to the party resisting enforcement. Second, that the clause was either mandatory or permissive. Third, that the parties and claims involved in the suit are subject to the forum selection clause. If the first three inquiries are affirmatively satisfied, the forum selection clause is deemed to be presumptively enforceable. After the party seeking enforcement has established these three conditions, the burden shifts to the party resisting enforcement to rebut the presumption of enforceability by making a

sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-384 (2d Cir. 2007).

The Second Circuit regularly enforces forum selection clauses provided that the existence of the clause was reasonably communicated to the parties. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). In the instant case, the Plaintiff is the nominee for Atlas Meble, a limited liability company organized under the laws of the Republic of Poland that prepared and drafted the terms of the underlying Venture Agreement, including the forum selection clause in question herein. This Agreement was negotiated, prepared, drafted, and executed in Poland. Atlas Meble provided the Plaintiff with a copy of the Agreement during the course of the attempted resolution of the within action. Thus, the existence of the clause was reasonably communicated to the party resisting enforcement.

Moreover, the Agreement was drafted entirely in the Polish language and contained a choice of law provision designating Polish law for determination of the fulfillment of obligations under this Agreement. (PL000353). Please also see Defendants' certified translation of the Venture Agreement attached hereto as **"Exhibit B"**. According to Defendants' translation of the Agreement, the forum selection clause states that "[t]he parties agree to submit for settlement any disputes arising from this agreement to the court with jurisdiction over seller's registered office." (Exhibit B, at 6-7). Besides, the Plaintiff's English translation of the instant forum selection clause in the Agreement is analogous and reads as follows: "All disputes arising out of this agreement, the sides agree to be decided in a court competent to the seat of the seller." (PL000354). The Agreement clearly identifies Atlas Meble as the "seller". (PL000348). Consequently, the forum selection clause designates the courts of Poland – the seat of the seller,

8

a Polish company with registered office in Poland, which has neither an authorization to do business in New York or any other State, nor a registered office in any part of the United States – as the only appropriate forum for the resolution of any disputes arising out of this Agreement.

The wording of the clause herein further evidences that it is of mandatory nature. "A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, F.3d at 386. Here, the clause affirmatively states, under Plaintiff's translation, that the parties "agree" that all disputes arising out of this Agreement "be decided" in, essentially, Polish courts. In addition, according to Defendants' translation, the clause unambiguously states that the parties "agree to submit" any disputes under the Agreement "to the court with jurisdiction over [Atlas Meble's] registered office," which is located only in Poland. Pursuant to the express terms of such clause in the Agreement, there is no connection to New York or the United States.

Moreover, this language is obligatory in nature – reminding the parties that they obligated themselves to resolve any disputes arising out of the agreement in a particular venue, and not in any other. The translation can be reworded to state that the parties agree that all such disputes "shall be decided" in Polish courts, or "shall be submitted" to Polish courts. Such wording would undoubtedly be characterized as obligatory. Hence, the mere absence of the word "shall" should not, in and of itself, reduce the commanding tone of the clause. Therefore, the forum selection clause clearly contains compulsory language adequately specifying venue, which is sufficient to make the clause mandatory for purposes of this analysis since it obligates the parties to decide any disputes arising out of the Agreement in a particular forum – the courts of Poland.

The Plaintiff in the instant suit is a nominee for the party that negotiated, drafted and executed the underlying Agreement. Thus, although the Plaintiff is a non-signatory to the

9

Agreement, the Plaintiff is subject to the terms of the Agreement, including the forum selection clause discussed above. The fact that the resisting party is a non-signatory to the Agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause. *See Aguas*, 585 F.3d at 701. On or about January 15, 2010, Atlas Meble, the signatory to the Agreement, executed a Power of Attorney naming the Plaintiff its Attorney-in-Fact in order to facilitate the resolution of disputes that arose out of the underlying Venture Agreement. Thus, the Plaintiff is sufficiently closely related to the signatory party to be bound by the forum selection clause in the said Agreement. In addition, the Plaintiff is seeking to enforce some of the terms of this Agreement, and thus, should not be permitted to avoid other express terms of the same Agreement.

The scope of a forum selection clause is a matter of contractual interpretation that requires the courts to construe the clause and, where ambiguous, to consider the intent of the parties. *See Phillips*, F.3d at 389. Hence, the court must "examine the substance of claims as they related to the precise language" of the given forum selection clause. *Id*. The breach of contract claim asserted by the plaintiff herein is certainly subject to the forum selection clause since it is arising out of the underlying Venture Agreement, and alleges that the defendants breached it by failing to make payments for the delivered goods according to the contractual terms. However, the Second Circuit has consistently held that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses. *See, e.g.*, *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) (finding that a forum selection clause applicable to controversies arising "in connection with" a set of contracts specifying the rights and duties of investors encompassed investors' securities and RICO claims); *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720-21 (2d Cir. 1982) (finding that a forum selection

clause applicable to controversies "arising directly or indirectly" from a franchise agreement encompassed the franchisee's antitrust suit).

All of the Plaintiff's claims in the instant action sound in contract and are based on rights and duties originating from the underlying Venture Agreement. In view of that, the accounts stated claim falls within the forum selection clause, because it asserts rights and duties under that Agreement, which establishes Atlas Meble's duty to deliver the goods, its right to receive payment, Defendants' duty to pay, and sets forth the corresponding conditions for the fulfillment of these obligations. Therefore, this claim is one arising out of the Agreement and is subject to the forum selection clause that requires such disputes to be resolved in the Polish courts where the seat of the seller is located.

Likewise, the goods sold and delivered claim arose out of the underlying Venture Agreement. Its terms established the conditions of Atlas Meble selling and delivering goods to the Defendants. Also, the Agreement set out the Defendants' duty to pay for such goods, which were to be ordered and delivered in accordance with the procedures set forth in the Agreement. Thus, this claim is based on rights and duties originating from the Agreement and could only have been brought in the courts of Poland.

Lastly, the Plaintiff's claims of sale of goods breached by the buyer under the New York Uniform Commercial Code and of unjust enrichment should also be regarded as arising out of the Agreement. The sale of any goods by Atlas Meble to the Defendants was governed by the terms of the Agreement, and the Defendants' payment obligations, including the timing and method of payment, were prescribed in the Agreement. Moreover, the unjust enrichment claim asserts that the goods were delivered pursuant to the order contracts required and agreed upon in the Agreement, and were not paid for as required by the order contracts that arise out of the

11

Agreement. Therefore, these claims should also be subject to the forum selection clause drafted by Atlas Meble, limiting all such claims exclusively to the courts of Poland.

Therefore, where parties freely negotiated and contracted to a mandatory forum selection clause, the choice of forum should be accorded the *M/S Bremen* presumption of enforceability. *See Aguas*, 585 F.3d at 700; *Phillips*, 494 F.3d at 386. Accordingly, since the presumption of enforceability attaches to the forum selection clause, the burden of persuasion shifts to the Plaintiff to rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching. *See Phillips*, 494 F.3d at 384.

**III.    Plaintiff Has No Cognizable Claim Against Boguslaw Kaczor And Artur Bobko.**

Plaintiff, in an attempt to obfuscate its abundant and continuous failures to provide goods to the Defendant entities on a timely basis and in conformance with the specifications presented, claim that the individual Defendants Bobko and Kaczor should be held personally responsible for claims against corporate entities. New York courts are quite clear on the standard to "pierce the corporate veil." The Appellate Division, First Department, in *Berenger v. 261 West LLC,* 93 A.D.2d 175 (1st Dept. 2012), a decision issued on February 2, 2012, reiterated that "[i]n order to 'pierce the veil,' the plaintiff must show that an individual defendant exercised domination with respect to the transaction in question and that such domination was used to commit fraud against the plaintiff. *Matter of Morris v. New York State Dept. of Taxation & Fin.,* 82 N.Y.2d 135, 141 (1993). Unsubstantiated allegations are not sufficient to defeat a defendant's motion for summary judgment (see *Albstein v. Elany Contr. Corp.,* 30 A.D.3d 210 (1st Dept. 2006), *lv. denied*, 7 N.Y.3d 712 (2006)), and the plaintiffs do not provide evidence of any factors which would justify holding the defendants individually liable."

12

There is absolutely no evidence of any fraud or any other wrongdoing herein. No tortious conduct has been shown. Nor would such a result achieve an equitable result. Plaintiff stretches beyond the bounds of the facts of the case, logic and common sense to connect this case to the decision in *Kinetic*. No action was ever taken by any individual defendant herein that was not in the best interests of the entity with which such individual was associated. Both individual defendants strove on an ongoing basis to see that such entities would achieve financial success. Neither individual ever made the type of statement claimed by Plaintiff regarding amounts owed and the purported fact that they would not pay. The only way that Plaintiff herein could attempt to make such a claim is to concoct a story which is beyond believability, for which it offers absolutely no evidence either in writing or of statements made by any individual. In addition, such claims have been absolutely refuted by sworn statements of both individual defendants herein.

### IV. Plaintiff Has No Cognizable Claim Against Defendant Denton Stoneworks Inc.

Plaintiff alleges that Denton ordered from Atlas Meble goods valued at $33,525.58, and that Denton only paid $10,000.00 for these goods. Nonetheless, Denton disputes such allegations, and asserts that it has provided Atlas Meble with payments for the ordered goods in the sum of $41,028.00, which exceeds the amount of purchases made by Denton.

Denton placed a single order with Atlas Meble. (Kaczor Dep p.41: ¶¶13-14). Atlas Meble's invoice, under Invoice No. EX/000395/2007, states that the value of goods ordered by Denton was $33,525.58. (PL000217-218). Denton asserts that it has paid the said invoice in full. Boguslaw Kaczor, the President of Denton, testified at his deposition that he believes that Denton's invoice was paid in full. (*emphasis added* Kaczor Dep p. 42: ¶¶ 2-6, p. 44: ¶¶ 21-22). The Plaintiff's record reflects that on or about February 1, 2008, Denton wired $10,000.00 to

13

Atlas Meble. (PL000215). Further, on or about October 11, 2007, Denton transferred $10,900.00 to Atlas Meble, and again, on or about October 20, 2007, another $5,128.00. Additionally, on or about August 2, 2007, Denton wired to Atlas Meble $15,000.00 from its savings account. Please see copies of Denton's bank account statements reflecting the above-mentioned wire transfer attached hereto as **"Exhibit C"**.

Denton's payments to Atlas Meble totaled $41,028.00. However, Atlas Meble, without any explanation, applied the $10,900.00 and $5,128.00 it received from Denton to the account of Global Cabinets and Furniture Manufacturers, Inc. (hereinafter "Global") – a separate and independent corporate entity. (PL000226). Please see attached hereto as **"Exhibit D"** a copy of the facsimile cover page from Denton to Atlas Meble, stating that the wire transfer in the amount of $5,128.00, which Atlas Meble improperly applied toward Global's account, was from Denton's account. Atlas Meble's representative, Mr. Tomasz Glodz, was not able to provide a clear explanation as to why certain payments were applied to particular invoices or accounts. Moreover, the funds paid by Denton are noted by Atlas Meble in its account statement for Global without any reference to a particular invoice to which the funds were applied. (PL000226). Nevertheless, Mr. Glodz testified that all payments were either designated for application to particular invoices by the client making the payment or "[i]f there is no such information in [the] transfer, [Atlas Meble] always ask … which payment should be applied to which invoice." (*emphasis added* Glodz Dep. p. 73: ¶¶ 11-16). Thus, Atlas Meble's internal records should have reflected such information regarding Denton's transfers. Yet, such references were entirely missing from the records and Mr. Glodz could not explain the lack thereof. Instead, Mr. Glodz offered speculative assumptions about the absence of written instructions from Denton indicating which funds to apply to particular invoices and accounts. Regardless, Atlas Meble did not

14

produce any memorialized instructions authorizing it to apply Denton's funds to Global's accounts, and could not explain against which of Global's invoices these funds were credited. (Glodz Dep. pp. 122-124).

Mr. Glodz also either did not know or could not remember how to explain the discrepancies in the accounting print outs produced by Atlas Meble. He lacked knowledge to explain why some payments lacked corresponding linkage to particular invoices to which they were allegedly applied, and although he testified that Atlas took accounting procedures very seriously and maintained a strict approach to compliance with those procedures, he could not explain the absence of any corresponding invoice indications for many payments registered in Atlas Meble's accounting report. (Glodz Dep. pp. 70-75). As a result of such poor and negligent accounting by Atlas Meble, the Plaintiff claims that there is an outstanding balance that Denton owes to Atlas Meble.

Nonetheless, the Plaintiff should not be permitted to benefit from Atlas Meble's inappropriate attribution of Denton's funds to Global's account and its shoddy accounting practices. Denton asserts that Atlas Meble was paid in full for all goods Denton ordered and received from Atlas. Therefore, Plaintiff has no cognizable claim against Denton for breach of contract, accounts stated, unjust enrichment or for goods sold and delivered. Accordingly, the Court should dismiss the claims against Denton and remove it from the caption of the instant lawsuit.

## **CONCLUSION**

For the reasons set forth above, this Court should

(a) dismiss Plaintiff's Complaint on the basis of the fact that any dispute regarding the Venture Agreement are to be determined in Poland under Polish law;

(b) grant Summary Judgment against Plaintiff dismissing the claims against the individual defendants Bobko and Kaczor;

(c) grant Summary Judgment against Plaintiff dismissing the claims against Denton Stone Works and Affordable Kitchens;

(d) deny Plaintiff's Motion for Summary Judgment in its entirety; and

(e) award such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 21, 2012

Respectfully submitted,
SMITH & NESOFF, PLLC
Attorneys for Affordable Kitchens By Atlas, Atlas Kitchens, Inc. and Artur Bobko

By: /s/ David L. Smith
David L. Smith (DS8248)
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 301-6980

SEGAL GEBSKI PLLC
Attorneys for Global Cabinets, Denton Stone Works and Boguslaw Kaczor

By: /s/ Marius Gebski
Marius Gebski (MG4915)
110 Wall Street, 21st Floor
New York, NY 10005
(212) 244-2805